### EASTERN MAINE MEDICAL CENTER

v.

### MAINE HEALTH CARE FINANCE COMMISSION.

Supreme Judicial Court of Maine.

Argued Nov. 18, 1991.
Decided Jan. 3, 1992.

Michael R. Poulin, (orally), James M. Bowie, Skelton, Taintor & Abbott, Auburn, for plaintiff.

Charles F. Dingman, (orally), General Counsel, Health Finance Com., Augusta, for defendant.

Before McKUSICK, C.J., and ROBERTS, WATHEN, GLASSMAN, CLIFFORD, and COLLINS, JJ.

COLLINS, Justice.

Eastern Maine Medical Center appeals from a Superior Court (Kennebec County, *Chandler, J.*) judgment denying relief on its Rule 80C Petition for Review. The Hospital sought an order that would compel the Maine Health Care Finance Commission to enter a final order in response to its application for an interim adjustment to financial requirements. The court denied the petition for lack of jurisdiction and declined to stay the Commission's proceedings. The Commission subsequently issued a final order. The Hospital seeks review of the Superior Court decision, while the Commission claims that its issuance of a final decision renders the appeal moot.

On September 28, 1990, the Hospital filed an application for an interim adjustment to financial requirements pursuant to 22 M.R.S.A. § 398(2) (Pamph.1990). The Commission did not render a final order within 120 days as mandated by the statute.[1] On March 4, after it had notice of a hearing set for March 11, the Hospital filed a Rule 80C petition for Review of Failure or Refusal of Agency to Act. *See* 5 M.R.S.A. § 11001(2) (1989); M.R.Civ.P. 80C and 65. The Hospital requested various forms of relief. It appeals from the denial of its requests (1) for an order requiring the Commission to schedule a hearing as soon as practicable and issue a final order pursuant to 22 M.R.S.A. § 398(2) no more than 14 days thereafter, and (2) for a stay of the agency proceedings. On March 4, the Superior Court (*Chandler, J.*) held a hearing and denied the Hospital's request for a stay of administrative proceedings. The Hospital moved for reconsideration, and, on March 22, the court issued an order denying the stay and dismissing the entire action for want of jurisdiction. This appeal followed.

While the appeal in this Court was pending, the Commission continued to process the case at its level. It held a hearing on March 29, 1991 that culminated in a final decision and order entered June 5, 1991 (128 days after the statutory deadline). On September 12, 1991, the Hospital filed an action in the Superior Court seeking review of that decision.

I.

■ The issues raised by this case deal with the relationship between agency ac-

---

1. Title 22 M.R.S.A. § 398(2) provides:
   Upon application by a hospital ... for an interim adjustment to financial requirements ... and after opportunity for hearing, a final order shall be promulgated within 120 days from the date a completed application was filed....

tion and review by the courts. The Superior Court is granted specific jurisdiction to hear petitions for review of failure or refusal of agency to act by 5 M.R.S.A. § 11001 (1989). The statute provides:

> **2. Failure or refusal of agency to act.** Any person aggrieved by the failure or refusal of an agency to act shall be entitled to judicial review thereof in the Superior Court. The relief available in the Superior Court shall include an order requiring the agency to make a decision within a time certain.

*Id.* There is no dispute that this is the controlling statute. 22 M.R.S.A. § 398(2) mandates that the Commission return a final order within a specified period of time. The Commission's failure to meet this deadline is clearly the sort of agency inaction at which § 11001 is aimed. Thus, the Superior Court erred by failing to exercise jurisdiction over the case.

Although the Superior Court erred, its failure to exercise jurisdiction is without consequence. The statute that invests the Superior Court with jurisdiction provides, "[t]he relief available in the Superior Court shall include an order requiring the agency to make a decision within a time certain." 5 M.R.S.A. § 11001(2). The statute does not authorize sanctions or any other remedy as being appropriate when a hearing has already been scheduled by the agency; nor do we have the authority to create such a remedy. Unless the Legislature provides some consequence, agencies may continually escape censure for ignoring its call to timely action by scheduling such action only after the 120 days have elapsed or a complaint is filed pursuant to Rule 80C.

## II.

■ The Superior Court refused to stay the agency proceedings and that refusal was within its discretion. Only an appeal from final agency action automati-cally removes jurisdiction from the administrative agency to the court system. *See Gagne v. City of Lewiston*, 281 A.2d 579 (Me.1971); *Ethyl Corp. v. Adams*, 375 A.2d 1065 (Me.1977). There is no authority to suggest that an appeal from agency inaction or failure to act under 5 M.R.S.A. § 11001(2) automatically removes the agency's jurisdiction over the matter. Moreover, any such rule would surely impinge upon the constitutionally mandated separation of powers. *See Bar Harbor Bank & Trust Co. v. Alexander*, 411 A.2d 74 (Me. 1980).

## III.

■ The intervening Commission order renders this appeal moot. We recognize that "courts should decline to decide issues which by virtue of valid and recognizable supervening circumstances have lost their controversial vitality." *State v. Gleason*, 404 A.2d 573, 578 (Me.1979). This is just such a case. The Commission has issued a final order, removing any vitality from the Hospital's concerns about delays in the procedures. No practical consequences will flow from our review of this delay. *See State v. Gleason*, 404 A.2d at 578. Any infirmities in the Commission's proceedings may be taken up, on a review of the now final agency action, in the Superior Court pursuant to 5 M.R.S.A. § 11001 *et seq.* and M.R.Civ.P. 80C.

The entry is:

Appeal dismissed.

All concurring.