**EASTERN MAINE MEDICAL CENTER**

v.

**MAINE HEALTH CARE FINANCE COMMISSION.**

Supreme Judicial Court of Maine.

Argued Sept. 8, 1993.

Decided Oct. 22, 1993.

June D. Zellers (orally), Skelton, Taintor & Abbott, Auburn, for plaintiff.

W. John Wipfler (orally), Maine Health Care Finance Commission, Augusta, for defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, RUDMAN and DANA, JJ.

WATHEN, Chief Justice.

Defendant Maine Health Care Finance Commission appeals from a decision of the Superior Court (Penobscot, *Mead, J.*) vacating the Commission's denial of a petition filed by the Eastern Maine Medical Center. The Commission contends that the Superior Court mischaracterized the record and that the decision to vacate all proceedings was an abuse of discretion. We vacate and remand for the entry of a judgment affirming the Commission's decision.

On September 28, 1990, the Hospital filed a petition seeking adjustment of its rates as set by the Commission.[1] By statute, the Commission was directed to issue a decision within 120 days of the petition. 22 M.R.S.A. § 398(2). The Commission failed to meet this deadline.[2] Rather than participating in the proceedings and then appealing based on the Commission's failure to meet the deadline, the Hospital immediately filed a petition for review in the Superior Court pursuant to M.R.Civ.P. 80C.[3] At the same time, the Hospital refused to participate in the administrative proceedings, which ultimately led to the Commission's decision against it. The resulting record is a procedural morass. Although a complete review of the proceedings is unnecessary, two incidents in particular illustrate the Hospital's behavior.

The Commission on February 21 moved to compel responses to discovery requests. Because the hearing on the Hospital's case was scheduled for March 1, the hearing examiner found that the latest reasonable time for a hearing on the motion to compel would be Monday, February 25. The hearing examiner offered to hold a hearing at any time between Friday, February 22, and Monday, February 25. He specifically offered to hold the hearing on Friday evening or on Saturday or Sunday, whenever was convenient for the Hospital. The Hospital's counsel replied that he was not available to attend a hearing on any of those dates, and stated that "even if I were, it would be pointless to do so," because of the need to confer with a number of witnesses. The hearing examiner then telephoned the Hospital's counsel on the afternoon of Friday, February 22, and stated that a motion hearing would be held on that day. The Hospital did not participate in the hearing, at which the hearing examiner heard and granted an oral motion for modification of the scheduling order. In so doing, the hearing examiner noted the "extraordinary need for prompt resolution of the scheduling matters in this tightly scheduled case." Having refused to participate, the Hospital then complained that this hearing was an illegal *"ex parte"* contact between the hearing examiner and the Commission.

After more rescheduling, occasioned primarily due to the Hospital's failure to participate in discovery and preliminary hearings, the hearing examiner ordered that by March 15 each party designate dates between March 27 and April 10 on which its witnesses would not be available. The hearing examiner ordered that the hearing on the Hospital's case would take place on March 27 or as soon thereafter as all parties were available.

The Hospital again refused to participate in the proceedings, and did not provide a list of witness availability dates. The hearing examiner set the hearing date for March 29, 1991, and stated that no further modifications of the schedule would be granted for reasons arising from the Hospital's refusal to participate.

On March 22 the Hospital wrote to the hearing examiner stating that it had just received notification both of the hearing date and of the Superior Court's dismissal of its

---

1. 22 M.R.S.A. § 381 *et seq.* authorizes the Commission to limit increases in the costs charged by hospitals.

2. In a previous case, *Eastern Maine Medical Center v. Maine Health Care Finance Comm'n*, 601 A.2d 99, 101 (Me.1992), we held that the fact that the Commission did not act within the period set by statute did not deprive the Commission of jurisdiction over these proceedings.

3. In the early stages of these proceedings, the Hospital offered to waive insistence on the statutory deadline if the Commission agreed to allow it to supplement its prefiled testimony. The Commission refused.

80C petition. The Hospital noted that March 29 was Good Friday, and stated: "[t]his is to advise you as practicing Roman Catholics, counsel for the Medical Center and at least one of the witnesses for the Medical Center are not able to participate in a hearing on Good Friday, for religious reasons." Although the letter did not specifically ask for a continuance, the hearing examiner treated it as a request for a continuance.

The hearing examiner noted that the date for providing witness availability dates had already passed, and that the letter did not on its face show good cause for a continuance at that late date. After stating that he was not inclined to grant the continuance without further proof, the hearing examiner scheduled a conference of the parties for 3:00 p.m. on March 26, or later in the day if that time was inconvenient. The Hospital refused to allow one of its co-counsel to represent it at this conference, and its other co-counsel was unavailable. The hearing examiner informed the Hospital that, as stated in the prior notice, he would not grant a continuance without further proof. He informed the Hospital, both orally and in writing, that he would make a decision based on any written submissions of the parties received by noon on March 27. The Hospital did not respond.

Faced with no further explanation for a continuance, and "[o]ut of a desire to give the maximum possible consideration to an assertion of religious concerns," the hearing examiner made independent inquiries with the local Roman Catholic church. He stated that the church informed him that there were no church laws against work on Good Friday, but that meditation was encouraged, particularly between the hours of noon to 3:00 p.m. The hearing examiner then revised the hearing hours to allow a recess from noon to 3:00 p.m., but did not change the date. He further stated that the timing of the hearing could be modified slightly if the parties so desired. On receipt of this notice, on March 28, the Hospital sent a letter to all parties advising that it would not attend a hearing on March 29.

The Hospital did not attend the March 29 hearing on its direct case. The hearing examiner subsequently recommended that a decision be entered against the Hospital. The Hospital objected on numerous grounds, including an argument that scheduling a hearing on Good Friday violated its counsel's[4] right to a free exercise of religion. On June 5 the Commission rejected the Hospital's objections and ordered the entry of a decision against the Hospital.

Subsequently, the Hospital filed a petition for review of the Commission's final decision in the Superior Court. The Superior Court held that the proceedings were conducted fairly in all respects other than the scheduling order, which violated the Hospital's counsel's right to a free exercise of religion. It vacated the Commission's decision and all proceedings before the Commission.

On appeal the Commission argues that by March 15, 1991, the Hospital should have provided a list of the dates on which it was unavailable for hearing. Because the Hospital did not comply and did not avail itself of opportunities provided by the hearing examiner to express its counsel's religious beliefs and concerns, the Commission argues that the Hospital itself created the burden on its counsel's religious freedoms. The Hospital contends that the burden did not arise until the hearing was rescheduled at the request of the Commission and that it responded promptly to the rescheduled date.

■ The United States and Maine Constitutions guarantee individuals the right to a free exercise of religion. We have recognized, however, that when an individual burdens his own freedom of religion, he cannot later complain of that burden. *Flynn v. Maine Employment Sec. Comm'n*, 448 A.2d 905, 909 (Me.1982), *cert. denied* 459 U.S. 1114, 103 S.Ct. 749, 74 L.Ed.2d 968 (1983). In *Flynn*, a hospital worker agreed prior to hiring that he would not discuss religion on the job. After several instances in which he discussed religion with hospital patients, the hospital fired him, and he was then denied

4. The Hospital asserts not its own free exercise rights but those of its counsel. We have not previously encountered this situation, and it is unnecessary for us to decide here the propriety of such a claim.

unemployment benefits due to workplace misconduct. *Id.* at 907. He appealed that decision on the basis that the denial of benefits violated his right to a free exercise of religion. We did not reach the constitutional question. *Id.* at 909. We held that the Employment Security Commission did not burden the worker's freedom of religion; the worker "assumed the burden himself." *Id.* We distinguished prior cases where working conditions changed after work commenced. *Id.* at 908.

■ In the present case the hearing examiner ordered the parties to provide by March 15 a list of possible hearing dates. The hearing examiner ordered that the hearing would take place on the first available date between March 27 and April 10. The Hospital was then on notice that March 29, a religious but not a civil holiday, was a possible date for the hearing. Contrary to the Hospital's assertion, the hearing examiner had not yet rescheduled the hearing as of March 15. Thus the Hospital had prior notice similar to that of the plaintiff in *Flynn.* Since it did not take advantage of its opportunity to set aside the religious holiday, it created any burden on its counsel's right to exercise his religious freedoms.

■ Moreover, the Hospital refused to respond to the hearing examiner's concerns after its initial objection was raised. Based on the Hospital's pattern of refusing to participate, the hearing examiner was justified in not granting the Hospital's request for a continuance without further justification. Although it knew one of its attorneys was unavailable, the Hospital refused to allow its other attorney to represent it in a hearing on the continuance. The Hospital then failed to submit anything in writing substantiating its religious concerns. Finally, when the hearing examiner gave the Hospital the opportunity to alter the timing of the March 29 hearing, the Hospital did not respond other than to refuse to attend at all. In these circumstances the Hospital assumed the burden on its counsel's religious freedom and cannot now complain of the hearing examiner's response. The Superior Court erred in vacating the judgment based on interference with counsel's free exercise of religion.

The alternative grounds asserted by the Hospital for upholding the Superior Court's decision are without merit and were properly rejected by the Superior Court.

The entry is:

Judgment vacated.

Remanded to the Superior Court for entry of a judgment affirming the Commission's decision.

All concurring.