STATE OF MAINE
KENNEBEC, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP-15-81

HANCOCK COUNTY,

      Petitioner

v.

JOSEPH FITZPATRICK, et al.,

      Respondent.

)
)
)
)
)
)
)
)
)

**ORDER ON MOTIONS TO
DISMISS**

I.     Background

30-A M.R.S. § 701 was enacted in July 2015. The statute limits each Maine county in its collection of taxes for the operation of a county jail. Hancock County was limited to $1,670,136 in the fiscal year 2014-2015. Hancock County Jail's costs and expenses exceeded the budget for that fiscal year as set by the Maine Board of Corrections (Board). Because of the new law, Hancock County was not able to make up the shortfall with tax revenues. The budget shortfall was approximately $121,154.87.

At the same time that 30-A M.R.S. § 701 was enacted, 34-A M.R.S. § 1210-D was also enacted. 34-A M.R.S. § 1210-D establishes the County Jail Operations Fund and dictates the terms of administration and distribution of the fund. The Statute provides that counties must use 30% of distributions from the Fund for "community corrections" and may use the remaining 70% for jail operations. *Id.* The Commissioner of the Department of Corrections ("DOC") is tasked to "receive, administer and distribute to the county and regional jails funding

1

provided through the General Fund, Other Special Revenue Funds and any federal and grant funds in accordance" with statute. 34-A M.R.S. § 1402(12).

On July 24, 2015, Hancock County sent a letter and Notice of Claim to Treasurer of the State of Maine and the Commissioner of the DOC seeking reimbursement for the cost overrun of the Hancock County Jail citing to the statutory limitations on Hancock County and powers granted to the DOC. On September 15, 2015, Hancock County provided an Amended Notice of Claim. Hancock County claims that the DOC never responded to the Notice of Claim. The DOC argues that it was not obligated to respond.

II.     Standard of Review

The DOC moves to dismiss Count I for lack of jurisdiction pursuant to M.R. Civ. P. 12(b)(1). The DOC moves to dismiss Counts II and III as a duplicative of Count I. Oral argument on the motions was held on June 6, 2016.

a.   Motion to Dismiss – M.R. Civ. P. 12(b)(1)

The Superior Court's jurisdiction over administrative appeals is limited. "Only an appeal from final agency action automatically removes jurisdiction from the administrative agency to the court system." *Eastern Maine Medical Center v. Maine Health Care Finance Com.*, 601 A.2d 99, 101 (Me. 1992). According to 5 M.R.S. § 11002, a petition for administrative appeal by an aggrieved party must be filed within 30 days of the agency decision or within 6 months of when a decision could have been expected where there was no determination by the administrative agency. 5 M.R.S. § 11002(3). Without a properly filed appeal, the courts lack subject matter jurisdiction.

Dismissal is appropriate where the Court lacks subject matter jurisdiction. M.R. Civ. P. 12(b)(1). "When a motion to dismiss is based on the court's lack of

2

subject matter jurisdiction, we make no favorable inferences in favor of the plaintiff such as we do when reviewing a motion to dismiss for failure to state a claim upon which relief can be granted." *Tomer v. Me. Human Rights Comm'n*, 2008 ME 190, ¶ 9, 962 A.2d 335; *See Francis v. Dana-Cummings*, 2004 ME 4, P 17, 840 A.2d 708, 711; *Persson v. Dep't of Human Servs.*, 2001 ME 124, P 8, 775 A.2d 363, 365; *Davric Me. Corp. v. Bangor Historic Track, Inc.*, 2000 ME 102, P 6, 751 A.2d 1024, 1028.

b.  Motion to Dismiss – M.R. Civ. P. 12(b)(6)

In analyzing a motion to dismiss for failure to state a claim, the court "examine[s] the complaint in the light most favorable to plaintiff to determine whether it sets forth elements of a cause of action or alleges facts that would entitle the plaintiff to relief pursuant to some legal theory." *Doe v. Graham*, 2009 ME 88, ¶ 2, 977 A.2d 391, *quoting Saunders*, 2006 ME 94, ¶ 8, 902 A.2d 30. "For a court to properly dismiss a claim for failure to state a cause of action, it must appear 'beyond doubt that [the] plaintiff is entitled to no relief under any set of facts that might be proven in support of the claim.'" *Dragomir v. Spring Harbor Hosp.*, 2009 ME 51, ¶ 15, 970 A.2d 310, *quoting Plimpton v. Gerrard*, 668 A.2d 882, 885 (Me. 1995).

"If a claim for review of governmental action under this rule is joined with a claim alleging an independent basis for relief from governmental action, the petition shall contain a separate count for each claim for relief asserted, setting forth the facts relied upon, the legal basis of the claim, and the relief requested." M.R. Civ. P. 80C(i). "When a claim joined with an 80C or B Petition is duplicative of the Petition, the Law Court has affirmed the Superior Court's dismissal on that

ground." *Breton v. Mayhew*, 2015 Me. Super. LEXIS 186, *3, (citing *Kane v. Comm'r of the Dep't of Health and Human Services*, 2008 ME 185, ¶¶ 30-32, 960 A.2d 1196).

III. Discussion

a. Timeliness

The DOC moves the Court to dismiss Hancock County's action for administrative review on the basis that the petition was not timely filed. Where an agency has taken action, a petitioner must petition for review within thirty days of the date of that action. Where the agency has failed to act, a petitioner has six months from the date an action would have been expected to file an appeal. *See* 5 M.R.S. § 11002(3).

Hancock County requested additional funds from the DOC to make up for the shortfall in the 2014-2015 budget on July 24, 2015. Primarily, the DOC contends that the Board, which is no longer in existence, was the proper agency to challenge, not the DOC. The DOC alleges that Hancock County's remedy would have been to challenge the budget when the Board set it. Further, the DOC alleges that the DOC is not obligated to respond to a Notice of Claim concerning a budget set in for 2014-2015 by the Board because it is not the successor agency to the Board. Hancock County asserts that the statutory structure enacted in 2015 made it impossible for Hancock County to make up for the shortfall in any way except to seek funding from the County Jail Operations Fund pursuant to 34-A M.R.S. § 1210-D.

In *Somerset County v. Me. Dep't of Corrections*, the Law Court discussed the appropriateness of substituting the DOC for the no longer existing Board. *Somerset County v. Me. Dep't of Corrections*, 2016 ME 33, ¶¶ 2-6, 133 A.3d 1006. The

4

Law Court notes that ""a pending suit, even if properly instituted against an existing governmental agency, [must] abate when the agency dissolves without a successor assuming its powers and functions." Id. at ¶ 6. However, the Law Court determined that substitution was appropriate in that case because pursuant to the legislation that abolished the Board, the money in the Board's budget was to be carried forward to the County Jail Operations Fund General Fund account administered by DOC. Id. at ¶ 5.

Similarly, in the case at hand, "the process by which the Board was eliminated preserved the justiciability of this action." Id. at ¶ 6. While the Board was abolished, the funding that was previously held by the Board is now held by the DOC for distribution to county jails. Therefore, for the purpose of the 12(b)(1) motion to dismiss, the Court finds that substitution of the DOC for the Board is appropriate.[1]

The DOC argues that even if the Court finds that substitution of the DOC for the Board is appropriate, the Court should find that payments made to Hancock County were responsive to Hancock County's notice of claim. Because Hancock County did not appeal the amount of funding received within 30 days of issuance, the DOC argues that the appeal is untimely. The DOC provided $319,161 in funds to Hancock County for the Hancock County Jail on September 8, 2015 and $4,701.94 on October 19, 2015. The parties are in agreement that the funds sent in September and October 2015 were allocated for the 2015-2016 fiscal year and not the year in question. The DOC contends that the funds represent the DOC's response to Hancock County's request for reimbursement. Therefore, the

---

[1] This issue has not been fully briefed by the parties and is fitting for argument at the summary judgment phase.

DOC contends that the statute of limitations on appealing the DOC action was November 28, 2015, 30 days after the funds were issued. Hancock County contends that the funds were issued with regards to the 2015-2016 fiscal year and no action was taken on Hancock County's request with regards to the 2014-2015 fiscal year. Therefore, because no response was issued on Hancock County's notice of claim, the petition for administrative review was due to be filed by no earlier than January 24, 2016, six months after the initial request was made.

As the funds issued on September 8, 2015 and October 19, 2015 were earmarked for the 2015-2016 fiscal year, sending these checks as not responsive to Hancock County's Notice of Claim for fiscal year 2014-2015. Therefore, the Court denies the DOC's Motion to Dismiss for untimeliness of the petition.

### b. Independent Claims

The DOC moves the Court to dismiss Counts II & III as duplicative of Hancock County's 80C administrative appeal. In Count II, Hancock County seeks declaratory relief that the DOC and the Commissioner are required to distribute DOC funding to Hancock County to satisfy the County Jail's cost overrun. Count III is an action for recovery of debt. The DOC contends that the facts relied upon, the legal basis for the claim, and the relief requested by Petitioner in each of the independent claims are the same as those relied upon by Petitioner for the 80C claim. The DOC seeks dismissal of the independent claims on the basis that they are duplicative of Petitioner's 80C petition.

Hancock County argues that the legal basis for the claim and the relief requested are not the same in Counts II and III as the facts and relief requested in the administrative appeal. Hancock County alleges that unlike the 80C action, the action for declaratory relief is seeking an order from the Court interpreting

6

the statute and declaring the rights of the parties. According to Hancock County's responsive pleading to the DOC's motion to dismiss, Hancock County is challenging the constitutionality of the statutory structure of repayment.[2] Hancock County argues that unlike in other cases, such as *Fisher v. Dame*, 433 A.2d 366 (Me. 1981), that find that the administrative remedy established by the legislature is meant to be exclusive, there is no "clearly defined statutory procedure for seeking review". On that basis Hancock County argues that declaratory relief would not be duplicative of the administrative review.

According to Hancock County, the action for recovery of debt is distinguishable from the action for administrative review because where Count I is seeking review of the DOC's alleged failure to act, Count III seeks recovery of the debt owed by the DOC when the DOC did not respond to Hancock County's request for funds for the 2014-2015 fiscal year.

The facts and the remedy sought remain the same across all three counts, namely that Hancock County seeks an order from the Court remanding the action to the DOC with the guidance that the requested funding should be provided. The Court is able to consider the constitutionality of the statutes as well as whether to provide guidance to the administrative body in its analysis of the 80C. Because neither Count II nor Count III seeks anything separate from that sought in Count I, the Court grants the Motion to Dismiss Counts II and III as duplicative.

IV.    Conclusion

The Court denies the DOC's Motion to Dismiss Count I.

---

[2] The constitutionality of the statutes are not raised in the Complaint.

7

The Court grants the DOC's Motion to Dismiss Counts II & III.

No independent claims remain; therefore, the Court need not specify the future course of proceeding.

The Clerk is directed to incorporate this Order into the docket by reference in accordance with M.R. Civ. P. 79(a).

DATE: June 7, 2016

Michaela Murphy
Justice, Superior Court