Judgment affirmed.

2008 ME 156

**Ed FRIEDMAN et al.**

v.

**BOARD OF ENVIRONMENTAL PROTECTION.**

Supreme Judicial Court of Maine.

Submitted on Briefs: June 30, 2008.

Decided: Oct. 9, 2008.

David A. Nicholas, Esq., Newton, MA, Bruce M. Merrill, Esq., Portland, ME, for Ed Friedman and Friends of Merrymeeting Bay.

Douglas H. Watts, Augusta, ME, pro se.

G. Steven Rowe, Attorney General, Janet M. McClintock, Asst. Atty. Gen., Augusta, ME, for Maine Board of Environmental Protection.

Matthew D. Manahan, Esq., Sarah A. Verville, Esq., Pierce Atwood, LLP, Portland, ME, for Parties–in–Interest Hackett Mills Hydro Associates, Hydro Kennebec Limited Partnership, Messalonskee Stream Hydro, LLC, Ridgewood Maine Hydro Partners, L.P., and Rumford Falls Hydro LLC.

Kelly B. Boden, Esq., Verrill Dana, LLP, Portland, ME, for Party–in–Interest Verso Androscoggin LLC.

David Swetnam–Burland, Esq., Stacy O. Stitham, Esq., Brann & Isaacson, Lewiston, ME, for Party–in–Interest Miller Hydro Group.

Jeffrey A. Thaler, Esq., Sarah B. Tracy, Esq., Bernstein, Shur, Sawyer & Nelson, P.A., Portland, ME, for Parties–in–Interest FPL Energy Maine Hydro LLC, Merimil Limited Partnership, and Topsham Hydro Partners, L.P.

Lynne A. Williams, Esq., Bar Harbor, ME, for Amici Curiae Penobscot Bay Watch, The Forest Ecology Network, Peace Action Maine, and Friends of Sebago Lake.

Panel: SAUFLEY, C.J., and CLIFFORD, ALEXANDER, SILVER, MEAD, and GORMAN, JJ.

SILVER, J.

[¶ 1] Ed Friedman, Friends of Merrymeeting Bay (FOMB), and Douglas Harold Watts appeal from judgments of the Superior Court (Sagadahoc County, *Hor-*

ton, J., and Kennebec County, *Jabar, J.*) dismissing Friedman's, FOMB's, and Watts's M.R. Civ. P. 80C appeals for lack of subject matter jurisdiction. The appellants' three separate appeals have been consolidated. Appellants contend that the Superior Court erred in holding that the Board of Environmental Protection has nonreviewable discretion to decline to act on appellants' petitions to modify water quality certifications issued to owners of hydropower projects on various Maine rivers by the Department of Environmental Protection. They also contend that the court erred in ruling that Board action on a petition to modify is never "final" because a new petition can be filed at a later date. Finally, they contend that even if the Board's dismissals of the petitions are not final actions, the Rule 80C actions should not have been dismissed because the "no adequate remedy" exception applies.[1] We affirm, but on different grounds from those relied on by the Superior Court.

## I. CASE HISTORY

[¶ 2] Watts submitted a petition to the Board of Environmental Protection to modify the water quality certifications issued for a number of dams on the Kennebec River to provide immediate, safe, downstream passage for various species of fish. On the same day, FOMB filed a similar petition, requesting that the Board modify Maine hydropower permits and water quality certifications for the same dams to provide for immediate, safe, upstream and downstream passage for the same fish species, and also that it modify the dam permits to comply with 38 M.R.S. § 464(10) (2007). Section 464(10) requires existing dams to implement reasonable changes that do not significantly affect

existing energy generation and that would result in improvements in habitat and aquatic life. Friedman filed a petition with the Board to modify water quality certifications for a number of dams on the Androscoggin and Little Androscoggin Rivers. Friedman's petition raised the same issues and was based on substantially the same factual basis as those of Watts and FOMB.

[¶ 3] The Board determined, after holding a public hearing, that it would take no action to modify the certificates at issue under Watts's and FOMB's petitions. The Board, without holding a public hearing, dismissed Friedman's petition and declined to modify the water quality certifications for the dams at issue under his petition.

[¶ 4] Friedman filed a timely appeal pursuant to M.R. Civ. P. 80C in Superior Court seeking review of the Board's final action. He argued that the Board abused its discretion and requested that the court issue an order for safe and effective eel passage at the dams in question, pursuant to state water quality standards, which, he claimed, were being violated by the Board's current water quality certifications. Friedman requested, in the alternative, an order requiring the Board to hold an adjudicatory hearing on the matter.

[¶ 5] FOMB filed a similar appeal in Superior Court. FOMB argued, among other things, that the modification of the dams' water quality certifications was required pursuant to 38 M.R.S. § 341–D(3)(E) (2007) and that, as the licenses stood, they violated 38 M.R.S. § 341–D(3)(F) (2007). FOMB argued that the Board's decision was arbitrary, capricious, and characterized by abuse of discretion. FOMB also claimed that the Board's decision was affected by errors of law. FOMB

1. Because we conclude that the Board's denial of Friedman's petition constituted final agency action, we do not consider whether the "no adequate remedy" exception applies.

requested, in essence, that the court reverse the Board's decision, order FOMB's petition to be granted, and direct the Board to modify the water quality certifications so as to provide immediate, safe, and effective upstream and downstream passage for eels and fish.

[¶ 6]  Watts also filed an 80C petition for review of final agency action with the Superior Court.  Like FOMB, Watts argued that the Board's dismissal of his petition was unsupported by substantial evidence in the record, and was arbitrary, capricious, and characterized by abuse of discretion.  He also argued that the Board's decision was affected by errors of law.  In essence, Watts requested that the court reverse the Board's decision to dismiss his petition, order the petition to be granted, direct the Board to conduct a public hearing on it, and remand the petition to the Board for a decision that would correct the errors of law made by the Board.

[¶ 7]  The Superior Court (Sagadahoc County, *Horton, J.*) dismissed Friedman's and FOMB's appeals.  As to Friedman's appeal, the court dismissed it for lack of subject matter jurisdiction, "namely the absence of reviewable final agency action for purposes of the Maine Administrative Procedure Act." The court noted that the Board's dismissal of Friedman's petition was not final agency action because Friedman could gather the necessary evidence for a successful petition and petition the Board again.  The court also found that the Board's order was not subject to judicial review because it reflected a decision committed to the sole discretion of the Department of Environmental Protection.  The court concluded that 38 M.R.S. § 341–D(3) (2007) provides no meaningful standards, and that the statute's language suggests that even if the Board makes findings that allow for modification of a

certificate, it is not compelled to act.  In its decision on FOMB's appeal, the court adopted the reasoning found in the court's decision in Friedman's case.  The Superior Court (Kennebec County, *Jabar, J.*) subsequently dismissed Watts's appeal.

[¶ 8]  Friedman, FOMB, and Watts appealed to us, and the appeals were consolidated.

## II.  DISCUSSION

[¶ 9]  We review a court's interpretation of a statute de novo as a question of law.  *State v. Thongsavanh,* 2007 ME 20, ¶ 27, 915 A.2d 421, 427.  When a statute is not ambiguous, we will interpret the statute without applying rules of construction or examining legislative history or agency interpretation.  *McGee v. Sec'y of State,* 2006 ME 50, ¶ 18, 896 A.2d 933, 939–40; *Ashe v. Enter. Rent–A–Car,* 2003 ME 147, ¶ 7, 838 A.2d 1157, 1159; *Cobb v. Bd. of Counseling Prof'ls Licensure,* 2006 ME 48, ¶ 13, 896 A.2d 271, 275.  We construe statutes to avoid absurd or illogical results. *Dombkowski v. Ferland,* 2006 ME 24, ¶ 22, 893 A.2d 599, 604.

### A.  Final Agency Action

[¶ 10]  Title 5 M.R.S. § 11001 (2007) provides:

**1.  Agency action.**  Except where a statute provides for direct review or review of a pro forma judicial decree by the Supreme Judicial Court or where judicial review is specifically precluded or the issues therein limited by statute, any person who is aggrieved by final agency action shall be entitled to judicial review thereof in the Superior Court in the manner provided by this subchapter.  Preliminary, procedural, intermediate or other nonfinal agency action shall be independently reviewable only if review of the final agency action would not provide an adequate remedy.

**2. Failure or refusal of agency to act.** Any person aggrieved by the failure or refusal of an agency to act shall be entitled to judicial review thereof in the Superior Court. The relief available in the Superior Court shall include an order requiring the agency to make a decision within a time certain.

Title 5 M.R.S. § 8002(4) (2007) also provides: "'Final agency action' means a decision by an agency which affects the legal rights, duties or privileges of specific persons, which is dispositive of all issues, legal and factual, and for which no further recourse, appeal or review is provided within the agency."

█ [¶ 11] Section 11001 unambiguously provides that Friedman has a right to judicial review of final agency action. Section 8002(4) is also unambiguous and its application to the instant matter reveals that the Board's action was final agency action. Friedman's right to petition the Board was affected by the Board's denial of his petition, the denial was dispositive as to all relevant legal and factual issues, and Friedman had no other recourse, appeal, or review provided within the agency.

[¶ 12] For these reasons, the Board's denial of Friedman's petition was final agency action, Friedman's appeal to us is not interlocutory, and we therefore proceed to consider the merits of his appeal.

B. Agency Discretion

█ [¶ 13] Title 38 M.R.S. § 341–D(3) provides that "the [B]oard may modify in whole or in part any license, or may issue an order prescribing necessary corrective action, or may act in accordance with the Maine Administrative Procedure Act to revoke or suspend a license, whenever the [B]oard finds that" any of seven listed standards have been met.[2]

[¶ 14] Title 1 M.R.S. § 71(9–A) (2007) provides that the use of the word "shall" in a statute indicates a "mandatory duty, action or requirement," and the word "may" indicates "authorization or permission to act."

[¶ 15] The relevant regulation, 2 C.M.R. 06 096 002–12 § 27 (2007), provides:

Any person ... may petition the Board to revoke, modify or suspend a license....

... [N]o later than 30 days following the filing of the petition to revoke, modify or suspend ... the Board shall dismiss the petition or schedule a hearing on the petition....

After a hearing, the Board may modify in whole or in part any license, issue an order prescribing necessary corrective action, or refer a license to District Court for revocation or suspension when the Board finds that [any of the seven standards listed in 38 M.R.S. § 341–D(3) are met.]

█ [¶ 16] Once a license, water quality certificate, or other order has been issued by the Board, the statutes and regulation unambiguously provide that the Board has the authority to modify the

---

**2.** The seven standards are as follows: (1) the licensee has violated any condition of the license; (2) the licensee has obtained a license by misrepresenting or failing to disclose fully all relevant facts; (3) the licensed activity poses a threat to human health or the environment; (4) the license fails to include any standard or limitation legally required on the date of issuance; (5) there has been a change in any condition or circumstance that requires revocation, suspension or a temporary or permanent modification of the terms of the license; (6) the licensee has violated any law administered by the Department; or (7) the license fails to include any standard or limitation required pursuant to the federal Clean Air Act Amendments of 1990.

certificate, but it is not required to do so. The decision to grant or deny a petition for modification lies in the agency's sole discretion. *See Dumont v. Speers,* 245 A.2d 151, 153–55 (Me.1968). In this case, the Legislature has given the board the sole discretion to determine whether to modify any license pursuant to section 341–D(3).

The entry is:

Judgments affirmed.