STATE OF MAINE
CUMBERLAND, ss

SUPERIOR COURT
CIVIL ACTION
DOCKET AP-13-37

*J:N/ -CUM- 9/26/2013*

MARJORIE J. GETZ
and
DAVID M. TOURANGEAU

Petitioners

v.

JANIS and PAUL WALSH
and
MAINE DEPARTMENT OF
ENVIRONMENTAL PROTECTION,

Respondents

STATE OF MAINE
Cumberland. ss. Clerk's Office

SEP 26 2013

RECEIVED

ORDER

Respondent Maine Department of Environmental Protection ("DEP") moves the

Court to dismiss the petitioners' appeal pursuant to M.R. Civ. P. 12(b)(1)&(6).

Respondents argue that the Court lacks jurisdiction to hear petitioners' appeal because the

Commissioner of DEP has sole discretion to act or refuse to act in this case.

### FACTUAL AND PROCEDURAL BACKGROUND

Petitioners Marjorie Getz and David Tourangeau petitioned the DEP to revoke the

Walshes' Natural Resources Protection Act (NRPA) permit on March 18, 2013. In a

letter to petitioners dated June 28, 2013, the Commissioner of DEP declined to initiate

revocation proceedings in response to the petition. On July 8, 2013, the petitioners filed

their appeal under M.R. Civ. P. 80C. They seek review of the DEP's decision dismissing

their petition to revoke the Walsh's NPRA permit. Defendant DEP moved to dismiss the

appeal on August 2, 2013.

## DISCUSSION

1. Standard of Review

Under M.R. Civ. P. 80C, an individual may petition the court for a "review of final agency action or the failure or refusal of an agency to act." The Maine Administrative Procedure Act governs the appeal. M.R. Civ. P. 80C(a). The Court only has jurisdiction to review agency action to the extent a statute provides for review. *Sears, Roebuck & Co. v. City of Portland*, 144 Me. 250, 255, 68 A.2d 12, 14 (1949).

2. Is the Commissioner's Decision to Deny the Petition for Revocation Subject to Judicial Review?

Respondents argue that the decision to act or refuse to act on a petition for revocation of a permit is committed to the sole discretion of the commissioner of DEP by statute. Under 38 M.R.S.A. § 342(11-B), "the commissioner may act to revoke or suspend a license whenever the commissioner finds" that any of eight listed conditions have been met. The applicable DEP regulation uses similar discretionary language and allows the Commissioner to dismiss the petition or hold a hearing. 2 C.M.R. 06 096 002– 12 § 25 (2012).

In *Friedman v. Board of Environmental Protection*, the Law Court construed a statute that authorizes the DEP Board to modify or correct a license that had already been issued. *Friedman v. Bd. of Envtl. Prot.*, 2008 ME 156, ¶¶13-16, 956 A.2d 97. The statue provided "that 'the [B]oard may modify in whole or in part any license, or may issue an order prescribing necessary corrective action, or may act in accordance with the Maine Administrative Procedure Act to revoke or suspend a license, whenever the [B]oard finds that' any of seven listed standards have been met." *Id.* ¶ 13 (quoting M.R.S.A. § 341 D-3

2

(2007)). The Court pointed to the statutory definitions of shall and may, which "provides that the use of 'shall' in a statute, indicates a 'mandatory duty, action or requirement,' and the word 'may' indicates 'authorization or permission to act.'" *Id.* ¶ 14 (quoting 1 M.R.S.A. § 71(9-A) (2007)). The Court concluded that, because the Board was not required to act by statute, "[t]he decision to grant or deny a petition for modification lies in the agency's sole discretion." *Friedman*, 2008 ME 156, ¶ 16, 956 A.2d 97.

Petitioners attempt to distinguish *Friedman* on two grounds. First, they argue that there are significant factual differences between this case and *Friedman*. While it is true that *Friedman* concerned the DEP Board's authority to modify water quality certifications and not the Commissioner's authority to revoke an NRPA permit, the Law Court's decision did not turn on specific facts but on statutory interpretation. *See Friedman*, 2008 ME 156, ¶¶ 2, 13-16, 956 A.2d 97. Because the statute in this case uses the discretionary "may" as opposed to "shall," the Commissioner has sole discretion to act or not act on the petition.

Second, petitioners argue that the word "may" in a statute can be construed as "must" or "shall" in some instances. "In general the word 'may,' used in statutes, will be given ordinary meaning, unless it would manifestly defeat the object of the statute, and when used in a statute, is permissive, discretionary, and not mandatory." *Collins v. State*, 213 A.2d 835, 837 (Me. 1965) (internal quotations omitted). In a case involving a petition for a fishway in a dam, the Law Court explicitly declined to read "may" as "shall." *Dumont v. Speers*, 245 A.2d 151, 153 (Me. 1968). In this case, as in *Friedman*, the legislature unambiguously intended to give the Commissioner sole discretion to determine whether to revoke a permit or license. *See Friedman*, 2008 ME 156, ¶ 16, 956

3

A.2d 97. Therefore, the Court will not construe the statute as imposing a mandatory duty on the Commissioner.

Because the Court finds that the Law Court's reasoning in *Friedman* applies to this case, the Commissioner's decision not to initiate revocation proceedings is entirely discretionary and therefore not reviewable. Accordingly, the DEP's motion to dismiss must be granted.

The entry is:

The Maine Department of Environmental Protection's motion to dismiss is GRANTED.

Date:   September 26, 2013

_____

Joyce A. Wheeler
Justice, Superior Court

Petitioners-Marjorie J Getz-Pro Se
                      David M Tourangeau-Pro Se
Respondents Walsh-Mary Costigan Esq
Respondent DEP-Margaret Bensinger AAG

4