MAINE SUPREME JUDICIAL COURT                                    Reporter of Decisions
Decision:       2014 ME 103
Docket:         Cum-13-467 & Cum-14-4
Submitted
 On Briefs:     July 1, 2014
Decided:        August 7, 2014

Panel:          SAUFLEY, C.J., and ALEXANDER, SILVER, MEAD, and GORMAN, JJ.

MARJORIE J. GETZ et al.

v.

JANIS WALSH et al.

and

DAVID M. TOURANGEAU et al.

v.

JANIS WALSH et al.

SILVER, J.

[¶1]  In these consolidated appeals, Marjorie J. Getz and David M. Tourangeau appeal from judgments entered in the Superior Court (Cumberland County, *Wheeler, J.*) dismissing their petitions for judicial review pursuant to M.R. Civ. P. 80C and 5 M.R.S. §§ 11001-11008 (2013) of two related administrative decisions: (1) an order of the Board of Environmental Protection (Board) summarily dismissing as untimely Getz and Tourangeau's appeal from a decision of the Commissioner of the Department of Environmental Protection

2

(Commissioner) granting Janis and Paul Walsh a permit to construct a pier on their property pursuant to the Natural Resources Protection Act, 38 M.R.S. §§ 480-A to 480-HH (2013); and (2) a decision of the Commissioner dismissing Getz and Tourangeau's petition to revoke the Walshes' permit.

[¶2] Contrary to Getz and Tourangeau's arguments on appeal, the Board did not err in concluding that Getz and Tourangeau were not "abutters" entitled to notice of the Walshes' permit application pursuant to 2 C.M.R. 06 096 002 §§ 1(A), 14 (effective April 1, 2003). *See Forest Ecology Network v. Land Use Regulation Comm'n*, 2012 ME 36, ¶ 28, 39 A.3d 74 ("In reviewing an agency's interpretation of its own rules, regulations, or procedures, we give considerable deference to the agency and will not set aside the agency's interpretation unless the regulation or rule compels a contrary interpretation." (quotation marks omitted)). Nor did the Superior Court abuse its discretion in declining to apply the good cause exception we recognized in *Keating v. Zoning Board of Appeals of Saco*, 325 A.2d 521, 524 (Me. 1974), to extend the time for appeal from the Commissioner's decision granting the Walshes' permit application. *See Viles v. Town of Embden*, 2006 ME 107, ¶¶ 8-11, 13, 905 A.2d 298 (noting that we review a court's application of the good cause exception for an abuse of discretion and identifying factors to be considered). To the extent that Getz and Tourangeau challenge the Walshes' title and the authority of the Walshes' agent, they did not raise those

arguments before the Board and therefore failed to properly preserve those issues for appeal. *See Clark v. Hancock Cnty. Comm'rs*, 2014 ME 33, ¶ 22, 87 A.3d 712 (noting that issues not raised at the agency level are not preserved for appeal).

[¶3]     With respect to Getz and Tourangeau's appeal from the Commissioner's dismissal of their petition for revocation, the Legislature has given the Commissioner sole discretion to decide whether to revoke permits. *See* 1 M.R.S. § 71(9-A) (2013); 38 M.R.S. § 342(11-B) (2013); *Friedman v. Bd. of Envtl. Prot.*, 2008 ME 156, ¶¶ 13-16, 956 A.2d 97. The court thus properly analogized this case to *Friedman* and did not err in dismissing Getz and Tourangeau's appeal. *See* 2008 ME 156, ¶¶ 13-16, 956 A.2d 97. We need not reach Getz and Tourangeau's other arguments with respect to their petition for revocation.

The entry is:

Judgments affirmed.

---

**On the briefs:**

Marjorie J. Getz, pro se appellant

David M. Tourangeau, pro se appellant

Mary E. Costigan, Esq., Bernstein Shur, Portland, for appellees Janis and Paul Walsh

Janet T. Mills, Attorney General, Thomas A. Harnett, Asst. Atty. Gen., and Margaret A. Bensinger, Asst. Atty. Gen., Office of the Attorney General, Augusta, for appellee Department of Environmental Protection

Cumberland County Superior Court docket numbers AP-13-27 and AP-13-37
FOR CLERK REFERENCE ONLY