STATE OF MAINE                                    SUPERIOR COURT
SOMERSET, ss.                                     CIVIL ACTION
                                                  DOCKET NO. AP-20-06


DEBBIE COOPER,
        Petitioner


v.                                                **ORDER ON PETITION FOR**
                                                  **REVIEW OF FINAL AGENCY ACTION**


MAINE DEPARTMENT OF
ENVIRONMENTAL PROTECTION
et. al.,
        Respondents

This matter was brought to the attention of the undersigned with respect to Petitioner Debbie Cooper's (hereinafter "petitioner") "Petition For Review of Agency Action, M.R. Civ.P. 80C" filed on 11/12/20. After reviewing the entire file, including but not limited to the voluminous Administrative Record, the memoranda filed by counsel and Ms. Cooper, who is proceeding *pro se*, and relevant statutory citations and case law, the Court enter the following **Decision and Order** for the reasons stated below:

**I. Background:**

1.      Petitioner Debbie Cooper (hereinafter "Petitioner") on or about 11/12/20 filed a Petition purportedly pursuant to Rule 80B, Maine Rules of Civil Procedure seeking review of the Board of Environmental Protection's (hereinafter "Board") 36-page decision dated 10/15/20 denying various appeals of the Commissioner's January 24, 2020 decision to renew the Town of Hartland's secure sludge landfill license. The Board's Order determined that the Town of Hartland had met all applicable licensing criteria and that renewal of its solid waste license was therefore warranted. The Respondent's counsel sought in a pleading filed 12/3/20 to "convert" the filing to a Rule 80C petition. The motion was agreed to by Petitioner.[1]

2. Respondent's counsel filed a Motion to Dismiss all purported petitioners except Ms. Cooper on 2/8/21. That motion was not opposed, and was granted on 2/11/21 by the undersigned.

---

[1] Ms. Cooper's initial petition was filed purportedly on behalf of a citizen group ("HEAT") as well as seventeen other individuals, including herself. Ms. Cooper is not a licensed attorney, and thus could not legally represent any entity or other individual besides herself.

3. The undersigned in an Order dated 8/5/21 denied Petitioner's Motion to Modify the Contents of the Record as well as Petitioner's Motion for Stay, and then considered the respective briefs filed by the parties.

4. The Court notes that a litigant who elects to represent himself/herself is bound by the same rules as one represented by counsel; they are not entitled to any preferential treatment. *Gurschick v. Clark*, 511 A.2d 36 (Me. 1986).

## II. Standard of Review:

5. When acting in an appellate capacity pursuant to Rule 80C of the Maine Rules of Civil Procedure, the Court reviews the agency's decision directly for "an abuse of discretion, error of law, or findings not supported by the evidence." *Guar. Trust Life Co. v. Superintendent of Ins.*, 2013 ME 102, ¶ 16, 82 A.3d 121; *see also* 5 M.R.S. §§ 11001-11008.

6. A Court may reverse an agency decision upon a finding that the decision is: (1) in violation of constitutional or statutory provisions; (2) in excess of the statutory authority of the agency; (3) made upon unlawful procedure; (4) affected by bias or error of law; (5) unsupported by substantial evidence on the whole record; or (6) arbitrary or capricious or characterized by abuse of discretion. 5 M.R.S. § 11007(4)(C)(1)-(6).

7. The Court reviews issues of statutory interpretation de novo. *Cheney v. Unemployment Ins. Comm'n*, 2016 ME 105, ¶ 6, 144 A.3d 45. However, Courts are to defer to an agency in those areas within the agency's expertise unless a statute or regulation "**compels** a different result." *Id.* at ¶ 6 (emphasis added).

8. The Court reviews an agency's interpretation of its statute by looking to the plain language of the statute. *Bankers Life & Cas. Co. v. Superintendent of Ins.*, 2013 ME 7, ¶ 15, 60 A.3d 1272. When the statute is ambiguous, the Court will review "whether the agency's construction is reasonable." *FPL Energy Me. Hydro LLC v. Dep't of Envtl. Prot.*, 2007 ME 97, ¶ 11, 926 A.2d 1197 (quotation omitted).

9. An agency's interpretations of its own rules are given "considerable deference." *Friends of the Boundary Mts. v. Land Use Reg. Comm'n*, 2012 ME 53, ¶ 6, 40 A.3d 947. The Court will not set aside an agency's interpretation of its own rules "unless the rule plainly compels a contrary result, or the rule interpretation is contrary to the governing statute." *Id.*

## III. Discussion:

10. Petitioner contends that the Town of Hartland "has a history of violations and the Department of Environmental Protection (hereinafter "DEP") has a history of looking the other way." Petitioner's Brief at 2.

11. Petitioner sets forth in detail the history between the Town of Hartford and the DEP beginning in 1970 up to the present, contending that the Town has

2

regularly violated the law and that DEP has "allowed it to happen." Petitioner's Brief at 4. Petitioner' Brief is extensive and sets forth in detail for 36 pages a litany of reasons why, in Petitioner's mind, the landfill should be "closed immediately" or in the alternative that the Court "order the Town and/or the Respondents to buy any of the aggrieved person's properties that want to sell…at a fair market price…" Petitioner's Brief at 36.

12. Respondent attempts to summarize Petitioner's arguments as (a) the DEP's order denying various appeals of the Commissioner's 1/24/20 decision to renew the Town's secure sludge landfill license was not supported by substantial evidence in the record, (b) the order was based upon unlawful procedure or affected by bias, or (c) was an abuse of discretion. DEP Brief at 1.

13. The Court finds DEP's summary of Petitioner's arguments to be fair and will discuss each separately below:

**(a) The decision to renew the Town's secure sludge landfill license was not supported by substantial evidence in the record.**

14. Petitioner vehemently disagrees with many of Respondent's findings. However, as Respondent points out in its Brief, a party who seeks to overturn an agency's decision has to show that "no competent evidence" in the record supports the agency's findings. *Stein v. Maine Criminal Justice Academy*, 2014 ME 82, ¶ 11.

15. When the undersigned reviews an agency's factual findings, this Court cannot substitute its judgment for that of the Board. *Duffy v. Town of Berwick*, 2013 ME 105, ¶ 22, 82 A.3d 148 "[T]hat the record before the Board is inconsistent or could support a different decision does not render the decision wrong." *Id.* An administrative decision will be sustained if, on the basis of the entire record before it, the agency could have fairly and reasonably found the facts as it did. *Seider v. Bd. of Exam'rs of Psychologists*, 2000 ME 206, ¶ 9, 762 A.2d 551.

16. Put another way, factual findings are not reversed in an appeal of an agency's decision unless the record **compels** contrary findings. *Friends of Lamoine v. Town of Lamoine*, 2020 ME 70, ¶ 20 (emphasis added).

17. The Board needed to find that (a) the Town of Hartland provided lawful notice of its renewal application; (b) that the Secure Landfill would not pollute any waters, would not contaminate the ambient air, or constitute a hazard to health or welfare, or create a nuisance; and finally (c) the Town would operate the Secure Landfill in compliance with current operating requirements. The Board so found. The undersigned finds substantial evidence in the record to support each of the Board's findings.

18. First, this Court finds that the Board's finding that the Town of Hartland provided sufficient notice of its renewal application pursuant to law was supported by substantial evidence in the record. As pointed out by Respondent's counsel, in addition to the original notice provided there were additional

3

opportunities provided by the Town and DEP for public participation during the Department's review and processing of the Town's renewal application, including a public town meeting, engaging with HEAT during the application review, making the draft licensing decision available for a 30-day public comment period, etc. There was also evidence in the record that DEP in fact received comments from seventeen parties and subsequently revised the draft license based on the comments received.

19. It is clear to the undersigned that the Town provided sufficient and proper notice pursuant to law, actually going beyond the minimum regulatory requirement.

20. The Court also finds substantial evidence in the record as cited by Respondent to support DEP's findings that the Secure Landfill would not pollute any waters, would not contaminate the ambient air, or constitute a hazard to health or welfare, or create a nuisance, and finally that the operational portion of the facility subject to the renewal application, the Secure Landfill, satisfied the standards set out in Ch. 400, § 4(E)(1)(g)(1989).

21. The undersigned notes that the "substantial evidence" standard does not involve any weighing of the merits of evidence. Instead, it requires the Court to determine whether there is any competent evidence in the record to support a finding. Administrative agency findings of fact will be vacated only if there is no competent evidence in the record to support a decision. *Lakeside at Pleasant Mountain Condo. Ass'n v. Town of Bridgton*, 2009 ME 64, P11, 974 A.2d 893, 896; *Fitanides v. City of Saco*, 2004 ME 32, P23, 843 A.2d 8, 15; *see also Green v. Comm'r of Dep't of Mental Health*, 2001 ME 86, ¶ 9 (noting that review is based on "clearly erroneous" standards); 5 M.R.S. § 11007(3). Any Court review that would redecide the weight and significance given the evidence by the administrative agency would lead to *ad hoc* judicial decision-making, without giving due regard to the agency's expertise, and would exceed the Court's statutory authority.

22. Instead, "substantial evidence" exists when a reasonable mind would rely on that evidence as sufficient support for a conclusion. *Beal v. Town of Stockton Springs*, 2017 ME 6, ¶ 26. The undersigned finds there was sufficient evidence in the record to support the decision below.

**(b) The Board Order was affected by bias and/or was based on unlawful procedure.**

23. It is self-evident that the decision of any administrative proceeding that is influenced by bias or based on unlawful procedure cannot stand. Persons who come before an administrative board are entitled to a fair and unbiased hearing. *Fitanides v. City of Saco*, 2015 ME 32, ¶ 22, 113 A.3d 1088; *Gorham v. Town of Cape Elizabeth*, 625 A.2d 898, 902 (Me. 1993).

24. However, an administrative hearing officer "enjoys a presumption of honesty and integrity, which is only rebutted by a showing of some substantial

countervailing reason to conclude that a decisionmaker is actually biased with respect to factual issues being adjudicated." *Mr. & Mrs. V. v. York Sch. Dist.*, 434 F. Supp. 2d 5, 12-13 (D. Me. 2006).

25.     The fact that the Board considered a proposed order drafted by Department staff rather than drafting its own order after hearing the appeal is hardly grounds to conclude that the Board "engaged in unlawful procedure." The Department is required by statute to provide recommendations and assistance to the Board regarding appeals of license and permit decisions, *see* 38 M.R.S. § 342(11-A). Moreover, the Department's internal procedures involve staff drafting proposed orders for the Board's consideration. As Respondent points out in its brief, the Department's interpretation of its own internal procedures is entitled to "heightened" deference. *AFSCME Council 93 v. Maine Labor Relations Board*, 678 A.2d 591, 593 (Me. 1996); *Nelson v. Bayroot, LLC*, 2008 ME 91, ¶ 17, (The Court is to give considerable deference to an agency's interpretation of its own rules, and the agency's interpretation will not be set aside "unless the regulation or rule **compels** a contrary interpretation.")(emphasis added).

26. This Court declines to find the accusations and suspicions of Petitioner rise to the level of "a substantial countervailing reason to conclude" that the Board acted outside the confines of the law. *Beal v. Town of Stockton Springs*, 2017 ME 6, ¶ 19.

## (c) The Board Order was an abuse of discretion.

27. Petitioner has the burden of proof to demonstrate that the Board abused its discretion by approving the Town's renewal license. Showing "abuse of discretion" is a difficult enterprise: it occurs only when an agency "exceeded the bounds of reasonable choices available to it, considering the facts and circumstances of the particular case and the governing law." *Lippitt v. Bd. Of Certification For Georgia and Soil Scientists*, 2014 ME 42, ¶ 16. "It is not sufficient to demonstrate that, on the facts of the case, the decisionmaker could have made choices more acceptable to the appellant or even to a reviewing court." *Sager v. Town of Bowdoinham*, 2004 ME 40, ¶ 11.

28. The Board's decision to deny the appeal and affirm the Commissioner's decision with additional conditions can hardly be described as "an abuse of discretion", and the undersigned so finds.

29. The remaining grounds alleged also do not support a reversal of the decision below and the Court will not discuss them further, finding that the Board's interpretation of its own rules are entitled to considerable deference and that the undersigned cannot and will not substitute its judgment for that of the Board. *See Getz v. Walsh*, 2014 ME 103, ¶ 2. ("In reviewing an agency's interpretation of its own rules, regulations, or procedures, we give considerable deference to the agency and will not set aside the agency's interpretation unless the regulation or rule compels a contrary interpretation.")

## IV. Conclusion:

30. The Court does not doubt for a moment the sincerity of the Petitioner in appealing the Board's decision. However, Petitioner is representing herself in this matter, and the Court has serious doubts as to whether Petitioner fully appreciates the showing she **has** to make on appeal before the Court can disturb the decision of the Board reached below. Petitioner herself has stated in the past that "just because it is legal doesn't make it right." That may well be so in certain instances. However, unless the Court is justified in finding that the Board's decision is "illegal", i.e. that the decision is not supported by substantial evidence in the record, or that the decision was affected by bias and/or was based upon unlawful procedure, or finally that the Board abused its discretion in arriving at the decision that it did, the undersigned has no "legal" right to disturb the Board's Order.

31. This is not a situation where the undersigned does not have any empathy for the Petitioner; however, empathy does not create a justification for overturning the Board's decision when there is substantial evidence in the record that supports the Board's decision.

32. Accordingly, for the reasons stated above, the Court **affirms** the Board Order and **denies** the appeal of Petitioner.

The Clerk is directed to incorporate this Order by reference into the docket for this case, pursuant to Rule 79(a), Maine Rules of Civil Procedure.

Date: 2/8/22

BY _____

Robert E. Mullen, Chief Justice
Maine Superior Court

6