2008 ME 190

George **TOMER**

v.

**MAINE HUMAN RIGHTS COMMISSION.**

Supreme Judicial Court of Maine.

Submitted on Briefs: Nov. 4, 2008.

Decided: Dec. 23, 2008.

George Tomer, Old Town, ME, pro se.

John P. Gause, Commission Counsel, Maine Human Rights Commission, Augusta, ME, for Maine Human Rights Commission.

Panel: SAUFLEY, C.J., and CLIFFORD, ALEXANDER, LEVY, SILVER, and GORMAN, JJ.

ALEXANDER, J.

[¶ 1] George Tomer appeals from a judgment entered in the Superior Court (Penobscot County, *Murphy, J.*) dismiss-

ing his M.R. Civ. P. 80C appeal of a decision of the Maine Human Rights Commission that had dismissed his complaint of employment discrimination against the Penobscot Nation after the Commission concluded that the complaint involved internal tribal matters over which the Commission has no subject matter jurisdiction. Tomer argues that the Superior Court erred in dismissing his complaint because (1) the court should have treated the Commission's motion to dismiss as a motion for summary judgment and heard his case on the merits, and (2) the Commission's dismissal constituted final agency action within the meaning of 5 M.R.S. § 11001(1) (2007) of the Maine Administrative Procedure Act (APA), 5 M.R.S. §§ 8001–11008 (2007). Tomer also argues that the Commission (1) failed to carry out its statutory duty to investigate his claim, including investigating whether it had jurisdiction under the specific facts of his case, and (2) erred, on the merits, in dismissing his charge for lack of subject matter jurisdiction.[1] We affirm the judgment of dismissal.

## I. CASE HISTORY

[¶ 2] George Tomer is a member of, and was employed by, the Penobscot Nation. Tomer was suspended without pay and subsequently discharged from his position in July 2007. In August 2007, Tomer filed a complaint of employment discrimination with the Maine Human Rights Commission alleging retaliatory discharge against the Penobscot Nation. The Penobscot Nation requested that the Commission dismiss the complaint on the grounds that the dispute involves an internal tribal matter, and that, pursuant to 30 M.R.S. § 6206(1) (2007), the Commission lacks subject matter jurisdiction to address Tomer's claims. In November 2007, the Commission dismissed Tomer's complaint, citing 5 M.R.S. § 4612 (2007), on the grounds that it lacked jurisdiction to investigate his complaint.

[¶ 3] Tomer appealed the Commission's dismissal of his complaint to the Superior Court pursuant to M.R. Civ. P. 80C. The Commission filed a motion to dismiss Tomer's complaint pursuant to M.R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted. In support of its motion, the Commission asserted that its dismissal of Tomer's charges does not constitute "final agency action" and is therefore not subject to review pursuant to Rule 80C and the APA.

[¶ 4] The court granted the Commission's "motion to dismiss for failure to state a claim" without oral argument. The court noted in its order that "Plaintiff *may* be able to obtain relief under 5 M.R.S.A. § 4621, 4622, although [the] Court is not reaching that issue." Tomer appeals from that order.

## II. LEGAL ANALYSIS

[¶ 5] Tomer argues that the Superior Court erred in dismissing his Rule 80C appeal pursuant to M.R. Civ. P. 12(b)(6) on two grounds; (1) that, contrary to the Commission's assertion, its dismissal of his complaint constituted "final agency action"

---

1. In the beginning of his brief, Tomer lists as an issue whether the Commission's failure to investigate his complaint of wrongful termination deprived him of his civil rights and his rights to due process and equal protection. However, Tomer does not address this issue in any respect in his brief beyond what is discussed herein, and thus, we do not consider it on appeal. *See Mehlhorn v. Derby*, 2006 ME 110, ¶ 11, 905 A.2d 290, 293; *see also Dep't of Envtl. Prot. v. Woodman*, 1997 ME 164, ¶ 3 n. 3, 697 A.2d 1295, 1297 (stating that "[i]t is well established that pro se litigants are held to the same standards as represented parties").

subject to direct review in the Superior Court, and (2) that the court should have treated the Commission's motion to dismiss as a motion for summary judgment. We discuss each in turn.

## A. Final Agency Action

[¶ 6] Tomer argues that the court erred in dismissing his Rule 80C appeal because the Commission's dismissal of his employment discrimination complaint for lack of subject matter jurisdiction constitutes "final agency action" within the meaning of the APA, 5 M.R.S. § 8002(4), thus authorizing the Superior Court to review directly the Commission's decision pursuant to M.R. Civ. P. 80C and the APA, 5 M.R.S. § 11001(1).

### 1. Standard of Review

[¶ 7] To determine what standard of review to apply, we first consider upon what grounds the court dismissed Tomer's Rule 80C appeal. The court stated that it dismissed the appeal "for a failure to state a claim," apparently pursuant to M.R. Civ. P. 12(b)(6). However, the underlying reasoning for the dismissal appears to be the court's conclusion that there was no final agency action that would permit appellate review and thus, that the court lacked subject matter jurisdiction, thereby dismissing the matter pursuant to M.R. Civ. P. 12(b)(1) instead.

[¶ 8] The authority granted to courts pursuant to the APA allowing judicial review of "final agency actions" is a jurisdictional issue. *See, e.g.,* 5 M.R.S. § 11001(1); *York Hosp. v. Dep't of Health & Human Servs.,* 2008 ME 165, ¶¶ 33–34, 959 A.2d 67, 74; *E. Me. Med. Ctr. v. Me. Health Care Fin. Comm'n,* 601 A.2d 99, 101 (Me.1992) ("Only an appeal from final agency action automatically removes jurisdiction from the administrative agency to the court system.").[2] We therefore review the court's judgment of dismissal as one entered for lack of subject matter jurisdiction, as described in M.R. Civ. P. 12(b)(1).[3]

[¶ 9] Whether subject matter jurisdiction exists is a question of law that we review de novo. *R.C. Moore, Inc. v. Les–Care Kitchens, Inc.,* 2007 ME 138, ¶ 18, 931 A.2d 1081, 1085. When a motion to dismiss is based on the court's lack of subject matter jurisdiction, we make no favorable inferences in favor of the plaintiff such as we do when reviewing a motion to dismiss for failure to state a claim upon which relief can be granted. *Francis v. Dana–Cummings,* 2004 ME 4, ¶ 17, 840 A.2d 708, 711; *Persson v. Dep't of Human Servs.,* 2001 ME 124, ¶ 8, 775 A.2d 363, 365; *Davric Me. Corp. v. Bangor Historic Track, Inc.,* 2000 ME 102, ¶ 6, 751 A.2d 1024, 1028.

2. *See also Dufresne v. Bd. of Trustees of the Me. State Ret. Sys.,* 428 A.2d 412, 414 (Me. 1981) (stating that the Superior Court had jurisdiction of the Board's decision as "final agency action" within the meaning of section 11002 of the APA); *Brown v. State of Me. Dep't of Manpower Affairs,* 426 A.2d 880, 884 (Me.1981) (stating that 5 M.R.S. § 11001(1) confers jurisdiction on the Superior Court to review final agency action).

3. Even if the court did dismiss Tomer's complaint pursuant to Rule 12(b)(6) rather than Rule 12(b)(1), the existence of subject matter jurisdiction can be challenged at any time,

even *sua sponte* by an appellate court, and we therefore review the dismissal of Tomer's claim under a lack of jurisdiction analysis regardless. *See Pederson v. Cole,* 501 A.2d 23, 25 n. 2 (Me.1985) (stating that the "defense of lack of subject-matter jurisdiction may be raised at any time, even *sua sponte* by an appellate court"); *see generally Griffin v. Town of Dedham,* 2002 ME 105, ¶ 11, 799 A.2d 1239, 1243 (stating that this Court may affirm a decision on appeal on a rationale that is different from that relied upon by the decision maker).

## 2. Existence of "final agency action"

[¶ 10] Tomer contends that the Commission's administrative dismissal of his discrimination charge constitutes a "final agency action," thus conferring subject matter jurisdiction on the Superior Court to review the Commission's decision pursuant to M.R. Civ. P. 80C.

[¶ 11] Section 11001 of the APA provides that "any person who is aggrieved by final agency action shall be entitled to judicial review thereof in the Superior Court." 5 M.R.S. § 11001(1);[4] see also M.R. Civ. P. 80C(a). "Final agency action" is defined as "a decision by an agency which affects the legal rights, duties or privileges of specific persons, which is dispositive of all issues, legal and factual, and for which no further recourse, appeal or review is provided within the agency." 5 M.R.S. § 8002(4).

[¶ 12] Pursuant to the Maine Human Rights Act, when a complainant, such as Tomer, files a charge of discrimination with the Commission, the Commission's function is generally that of an investigator and conciliator. The Commission is required to "conduct such preliminary investigation as it determines necessary to determine whether there are reasonable grounds to believe that unlawful discrimination has occurred." 5 M.R.S. § 4612(1)(B). If the Commission finds no such reasonable grounds, or for certain other reasons, such as concluding it lacks jurisdiction, the Commission may dismiss the proceeding. Id. § 4612(2); 11 C.M.R. 94 348 002–3 § 2.02(H) (1999) (providing that the Commission's Executive Director may, in his or her discretion, administratively dismiss complaints of discrimination for lack of jurisdiction). If the Commission dismisses the complaint, the complainant is free to file a complaint of discrimination against the alleged wrongdoer in the Superior Court. 5 M.R.S. § 4621 (2007). The Superior Court considers the complaint de novo, id. § 4631 (2007), without any impediment from the adverse Commission action. When a complainant files a civil action in the Superior Court following the Commission's administrative dismissal of his charge, the complainant may also allege in that civil action that the Commission's dismissal was done in error. See id. § 4622(1)(D) (2007).

[¶ 13] Alternatively, if the Commission finds reasonable grounds to believe unlawful discrimination has occurred, it may attempt to broker a conciliation. Id. § 4612(3). If conciliation fails, the

---

4. Title 5 M.R.S. § 11001 (2007) provides in its entirety:

> **1. Agency Action.** Except where a statute provides for direct review or review of a pro forma judicial decree by the Supreme Judicial Court or where judicial review is specifically precluded or the issues therein limited by statute, any person who is aggrieved by final agency action shall be entitled to judicial review thereof in the Superior Court in the manner provided by this subchapter. Preliminary, procedural, intermediate or other nonfinal agency action shall be independently reviewable only if review of the final agency action would not provide an adequate remedy.
>
> **2. Failure or refusal of agency to act.** Any person aggrieved by the failure or refusal of an agency to act shall be entitled to judicial review thereof in the Superior Court. The relief available in the Superior Court shall include an order requiring the agency to make a decision within a time certain.

Section 11001(2) does not apply in this case because the Commission's dismissal of Tomer's charge of discrimination pursuant to 5 M.R.S. § 4612(2) (2007) is not a failure or refusal of the Commission to act. See Lingley v. Me. Workers'Comp. Bd., 2003 ME 32, ¶ 9, 819 A.2d 327, 331 (holding that the Board did not fail or refuse to act within the meaning of section 11001(2) when it voted not to take the requested action, stating that "a refusal to take a requested action is not identical to a refusal to act").

Commission may file a complaint in the Superior Court for the benefit of the complainant, *id.* § 4612(4), although it usually does not, in which case the complainant may do so directly, *id.* § 4621. Whether the complainant brings an action in the Superior Court or the Commission does so for his benefit, the trial court hears the case de novo, and the complainant is entitled to the same due process rights as any litigant. *See Chandler v. Roudebush,* 425 U.S. 840, 844–45, 863, 96 S.Ct. 1949, 48 L.Ed.2d 416 (1976); *EEOC v. Gen. Elec. Co.,* 532 F.2d 359, 370 (4th Cir.1976) (holding that the EEOC, which investigates administratively-filed complaints of employment discrimination pursuant to Title VII of the Civil Rights Act of 1964, has no adjudicatory power, that adjudication is the exclusive function of courts under the EEOC, and that a subsequent court trial is de novo); *Me. Human Rights Comm'n v. Me. Dept. of Defense & Veterans' Servs.,* 627 A.2d 1005, 1007 (Me.1993) (reiterating that Maine courts looks to federal case law interpreting Title VII for guidance in construing the Maine Human Rights Act); *accord Percy v. Allen,* 449 A.2d 337, 342 (Me.1982).

■ [¶ 14] Because Tomer has the option to pursue his claim against the Penobscot Nation to the full extent allowable by law by filing a civil action in the Superior Court, his legal rights, duties, or privileges were not affected within the meaning of 5 M.R.S. § 8002(4) when the Commission administratively dismissed his claim of discrimination. *Cf. Friedman v. Bd. of Envtl. Prot.,* 2008 ME 156, ¶¶ 11–12, 956 A.2d 97, 101.[5] Accordingly, there has been no "final agency action," as that term is defined in section 8002(4), in this case. There being no final agency action, the Superior Court did not have subject matter jurisdiction to hear Tomer's appeal. *Accord Gen. Elec. Co.,* 532 F.2d at 370 (holding that the proceedings of the EEOC, the Commission's federal counterpart, are not reviewable). The court was therefore obligated to dismiss Tomer's Rule 80C action. *See* M.R. Civ. P. 12(h)(3) ("Whenever it appears . . . that the court lacks jurisdiction of the subject matter, the court shall dismiss the action."); *State v. Dhuy,* 2003 ME 75, ¶ 8, 825 A.2d 336, 341 ("If the trial court lacks jurisdiction, the absence of jurisdiction is noticed, and the case proceeds no further.").

**B. Tomer's Other Arguments**

■ [¶ 15] Tomer also argues that the court erred in dismissing his complaint, asserting that the substantive issue in his Rule 80C appeal is a purely legal one, and,

---

5. In *Friedman v. Board of Environmental Protection,* we held that the Board's dismissal of Friedman's petition constituted "final agency action" within the meaning of the APA, 5 M.R.S. § 8002(4) (2007), concluding in part that Friedman's "legal rights, duties or privileges" were affected because "Friedman's right to petition the Board was affected by the Board's denial of his petition." 2008 ME 156, ¶¶ 3, 10–12, 956 A.2d 97, 99, 100–01. We distinguish *Friedman* from the case now before us.

The Board of Environmental Protection, unlike the Commission, is not primarily an investigatory body. *See, e.g.,* 38 M.R.S. §§ 341–D, 345–A (2007). It has primary jurisdiction to hear and decide matters within its statutory authority. A party dissatisfied with a Board action may appeal the decision to the Superior Court, subject to a deferential standard of review. *See* 38 M.R.S. § 346 (2007); *Hannum v. Bd. of Envtl. Prot.,* 2006 ME 51, ¶ 9, 898 A.2d 392, 396. A challenger of a Board action is not entitled to have the court decide de novo the issue that was before the Board. In contrast, as discussed above, Tomer is entitled, under the Maine Human Rights Act, to pursue the civil action on his discrimination complaint de novo in the Superior Court where the court will hear the claim, find the facts and, if appropriate, order relief, without regard to what may have occurred before the Commission.

therefore, the court should have treated the Commission's motion to dismiss as a motion for summary judgment and reached the merits of his case. However, as we have discussed, Tomer's Superior Court complaint was properly dismissed for lack of subject matter jurisdiction. A court is precluded from reaching the merits of a claim over which the court lacks subject matter jurisdiction. *See* M.R. Civ. P. 12(h)(3); *Dhuy*, 2003 ME 75, ¶ 8, 825 A.2d at 341. Accordingly, the court correctly did not reach the merits of Tomer's claims.[6]

[¶ 16]   Given our conclusion, we do not reach Tomer's remaining arguments on appeal.

The entry is:

Judgment of dismissal affirmed.

---

6.  Additionally, as Tomer acknowledges, the Commission filed a motion for judgment on the pleadings and did not present matters outside of the pleadings in the motion. Such a motion is not treated as one for a summary judgment. *See* M.R. Civ. P. 12(b), (c).