STATE OF MAINE
YORK, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO: CV-11-115
JON —YOR- 3/9/2012

SANDRA L. LEWIS

      Plaintiff,

v.

STATE OF MAINE

      Defendant,

## ORDER ON DEFENDANT'S MOTION TO DISMISS

The defendant, State of Maine, filed this Motion to Dismiss pursuant to M.R. Civ. P. 12(b)(6) and 12(b)(1) seeking dismissal of the entire Complaint. The motion has been fully briefed by the parties and oral argument was held on March 8, 2012.

## BACKGROUND

Sandra L. Lewis (the "Plaintiff") brought this Complaint on May 26, 2011 against the State of Maine (the "Defendant") alleging negligence and failure to warn. The Plaintiff alleges that on August 11, 2010, she was riding her bicycle on Saco Avenue in the Town of Old Orchard Beach toward a crosswalk in order to cross the street. (Compl. ¶¶ 3-4.) She alleges that her bicycle tire became caught on a black cord that was running parallel with and within the bike path, that the cord was negligently placed in the roadway, and that the cord caused her to fall. (Compl. ¶¶ 4, 11.) That cord was allegedly equipment utilized by the Maine Department of Transportation to monitor traffic usage of the road. (Compl. ¶ 5.)

1

The Plaintiff further alleges that the Defendant owed a duty to properly warn the public of any unsafe conditions posed by their equipment and that its failure to do so is a breach of that duty. (Compl. ¶¶ 14-15.) As a result of the fall, being the direct and proximate result of the Defendant's negligence and failure to warn, the Plaintiff suffered physical, emotional, and economic damages. (Compl. ¶¶ 6, 12, 16.)

## DISCUSSION

The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the complaint. *McAfee v. Cole*, 637 A.2d 463, 465 (Me. 1994). The court examines "the complaint in the light most favorable to the plaintiff to determine whether it sets forth elements of a cause of action or alleges facts that would entitle the plaintiff to relief pursuant to some legal theory." *Id.* When testing the complaint under M.R. Civ. P. 12(b)(6), the material allegations of the complaint must be taken as admitted. *Id.* However, the court is not bound to accept the plaintiff's legal conclusions. *Seacoast Hangar Condo. II Ass'n v. Martel*, 2001 ME 112, ¶ 16, 775 A.2d 1166. "Dismissal is warranted when it appears beyond a doubt that the plaintiff is not entitled to relief under any set of facts that he might prove in support of his claim." *Johanson v. Dunnington*, 2001 ME 169, ¶ 5, 785 A.2d 1244. A motion to dismiss for lack of subject matter jurisdiction does not require the court to make any inferences in favor of the plaintiff and the question of subject matter jurisdiction is one of law. *Tomer v. Me. Human Rights Comm'n*, 2008 ME 190, ¶ 9, 962 A.2d 335.

The general rule is that government entities are immunity from liability except as expressly authorized by statute. *New Orleans Tanker Corp. v. Me. Dep't of Transp.*, 1999 ME 67, ¶ 4, 728 A.2d 673. The Maine Tort Claims Act provides

2

the specific exceptions to governmental immunity. 14 M.R.S. § 8104-A (2011). The Plaintiff seeks recovery from the Defendant based on the exception contained in 14 M.R.S. § 8104-A(1) which authorizes recovery against a governmental entity for negligent acts or omissions in the ownership, maintenance, or use of motor vehicles, special mobile equipment, trailers, aircraft, watercraft, snowmobiles, and "other machinery or equipment, whether mobile or stationary."

The statutory exceptions to the doctrine of sovereign immunity are to be strictly construed. *Reid v. Town of Mount Vernon*, 2007 ME 125, ¶ 20, 932 A.2d 539. The Law Court has given the phrase "other machinery and equipment" a narrow interpretation and has held that the legislature did not intend to include "all other possible machinery." *Id.* at ¶¶ 23, 27. Instead, the Law Court, applying the principle of *ejusdem generis*,[1] has held that the "other equipment" must have certain similar characteristics as the enumerated machinery, such as being capable of transportation, mobile,[2] likely to come into contact with the general public, constitute a fairly ordinary transportation device with which people are familiar, be commonly involved in accidents, have readily available insurance, and not be affixed to a permanent structure. *New Orleans Tanker Corp.*, 1999 ME 67 at ¶¶ 7-8. It must also pose a comparable risk to the public that results from the negligent use or maintenance of the vehicles specifically enumerated in the statute. *Id.* at ¶ 6. That risk is that "they will be driven or

---

[1] "Where general words follow specific words in a statutory enumeration, the general words are construed to embrace only objects similar in nature to those objects enumerated by the preceding specific words." *New Orleans Tanker Corp.*, 1999 ME 67 at ¶ 7 (quoting 2a Norman J. Singer, *Southerland Statutes and Statutory Construction* § 47.17 (5th ed. 1992)).

[2] The court understands the use of the term "mobile" here to mean that the equipment cannot be immoveable, not that in order for liability to attach the equipment must be in motion.

3

transported in locations where the general public is exposed to the possibility of collision and resulting harm." *Reid* at ¶ 24.

In *New Orleans Tanker*, the Law Court held that the bridge leaf machinery that caused damage to the tanker does not come into contact with the general public the same way that vehicles described in the statute do because it is affixed to the bridge. 1999 ME 67 at ¶ 9. In *Reid*, the court held that a dumpster at a town transfer station did not pose the same risks as the enumerated equipment because dumpsters do not have the power to move on their own, are certainly not considered a ordinary transportation devices, are not commonly involved in accidents with vehicles, and are unlikely to be insured. 2007 ME 125, ¶ 25.

Similar to the characterization of the dumpster in *Reid*, the black cord used by the Defendant is not an ordinary transportation device, it not commonly involved in accidents with vehicles, not likely to be insured, and does not raise the same kind of risk as the enumerated equipment. Therefore, given the strict interpretation of an exception to the general rule of immunity and the Law Court's clear pronouncements as to the types of equipment the legislature intended the exception to cover, there is no set of factual circumstances that will allow the Plaintiff to recover from the Defendant because the Defendant has successfully raised the defense of immunity.[3]

---

[3] Although the court does not need to address it, the Defendant's argument that the court lacks subject matter jurisdiction is erroneous. Section 8106 of Title 14 of the Maine Revised Statutes, specifically confers subject matter jurisdiction on the Superior Court

The Defendant's Motion to Dismiss is GRANTED. The Clerk is directed to incorporate this Order into the docket by reference pursuant to M.R. Civ. P. 79(a).

DATE: 3/9/12

John O'Neil
Justice, Superior Court

ATTORNEY FOR PLAINTIFF:
NEAL WEINSTEIN
LAW OFFICES NEAL WEINSTEIN
PO BOX 660
OLD ORCHARD BEACH ME   04064-0660

ATTORNEY FOR DEFENDANT:
THOMAS A KNOWLTON
OFFICE OF THE ATTORNEY GENERAL
6 STATE HOUSE STATION
AUGUSTA ME   04333-0006

---

for all claims permitted under the chapter. Immunity is an affirmative defense and not a jurisdictional bar. The Defendant's success in defending the counts of the complaint does not strip this court of jurisdiction.