STATE OF MAINE
CUMBERLAND, ss.

SUPERIOR COURT
CIVIL ACTION
Docket No. CV-2022-270

ERIC P. GIGUERE and MARK S.
GIGUERE,

   Plaintiffs,

  v.

JEREMY W. DEAN and MICHAEL
KALTSAS, in their capacities as
purported former agents of Linda C.
Giguere and as Trustees of the LCG
TRUST,

   Defendants,

  and

RIVER DOG PROPERTIES, LLC,

   Party-in-Interest.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

**ORDER ON DEFENDANT JEREMY
DEAN'S MOTION TO DISMISS**

Before the Court is Defendant Jeremy W. Dean's Motion to Dismiss Plaintiffs Eric

P. Giguere ("Eric") and Mark S. Giguere's ("Mark") Complaint. For the following

reasons, the Court grants Mr. Dean's Motion to Dismiss with respect to Count I and

denies the motion as to Count II.

## I. Background

Eric and Mark are the children of William Giguere ("William"). (Compl. ¶ 8.)

Linda Giguere ("Linda") married William in 1995. (Compl. ¶ 9.) William died in 2015.

(Compl. ¶ 10.)

On May 15, 2021, after Linda had suffered a series of strokes, a Durable Power of

Attorney ("the Power of Attorney") was executed designating Mr. Kaltsas as agent and

Mr. Dean as successor agent. (Compl. ¶¶ 11, 18.) The Power of Attorney is signed by

REC'D CUMB CLERKS OFC
DEC 9 '22 PM3:06

"Linda C. Giguere by Margaret Caiazzo by instruction of the principal" and bears a witness signature of "Jenna Hapworth, RN." (Compl. ¶¶ 23-24.)

On May 25, 2021, Mr. Kaltsas executed two deeds conveying two parcels of real property—one parcel at 150 Bridge Street, Westbrook ("the Bridge Street Property") and one parcel located at 289 Highland Cliff Road, Windham ("the Windham Property") (collectively, "the Properties")—from Linda to Mr. Kaltsas in his capacity as Trustee of the LCG Trust ("the Trust"). (Compl. ¶¶ 26-29.)

On June 8, 2021, Dr. Maya Bulman examined Linda and completed a written report, which found that Linda "had a stroke, resulting in profound medical and cognitive impairments." (Compl. ¶¶ 12-13; Compl. Ex. A.) The report further stated that Linda was incapable at that time of entering into a contract. (Compl. ¶ 16; Compl. Ex. A.)

On August 4, 2021, Mr. Kaltsas executed a Delegation of Authority, empowering Mr. Dean as Linda's agent under the Power of Attorney. (Compl. ¶¶ 30-31.) In September 2021, Linda died. (Compl. ¶ 32.) In December 2021, Mr. Dean, in his capacity as Trustee, executed a deed conveying the Bridge Street Property to Party-in-Interest River Dog Properties, LLC ("River Dog"). (Compl. ¶ 33.) The Trust received $1,026,000 in the transaction. (Compl. ¶ 34.)

Plaintiffs allege that they are named as devisees in a will executed by Linda ("the Will"). (Compl. ¶¶ 44-45; Compl. Ex. G.) Although they allege that the Will has been filed with the Probate Court, they do not allege that it has been admitted. (Compl. ¶¶ 41-42.)

The Complaint contains two counts: Count I for Declaratory Judgment as to the effectiveness of the Power of Attorney, the LCG Trust, and the conveyances of the Properties; and Count II for Review of Agent Conduct pursuant to the Maine Uniform Power of Attorney Act, 18-C M.R.S. §§ 5-901 to 5-963 (2022).

Although Mr. Dean expressly brings his motion pursuant to Maine Rule of Civil Procedure 12(b)(6), he argues that Plaintiffs lack standing, which relates to the Court's subject matter jurisdiction. *See JPMorgan Chase Bank v. Harp*, 2011 ME 5, ¶ 7, 10 A.3d 718. Accordingly, this motion is more appropriately characterized as a 12(b)(1) motion and the Court will evaluate it as such.

## II.    Motion to Dismiss Standard

A party may plead lack of subject matter jurisdiction by motion. M.R. Civ. P. 12(b)(1). Whether subject matter jurisdiction exists is a question of law. *R.C. Moore, Inc. v. Les-Care Kitchens, Inc.*, 2007 ME 138, ¶ 18, 931 A.2d 1081. When a motion to dismiss is based on the court's lack of subject matter jurisdiction, the court makes no favorable inferences in favor of the plaintiff. *Mutty v. Dep't of Corrs.*, 2017 ME 7, ¶ 8, 153 A.3d 775 (quoting *Tomer v. Me. Human Rights Comm'n*, 2008 ME 190, ¶ 9, 962 A.2d 335).

## III.    Discussion

"[S]tanding is a threshold issue bearing on the court's power to adjudicate disputes." *Franklin Prop. Tr. v. Foresite, Inc.*, 438 A.2d 218, 220 (Me. 1981). "Standing to sue means that the party, at the commencement of the litigation, has sufficient personal stake in the controversy to obtain judicial resolution of that controversy." *Halfway House, Inc. v. City of Portland*, 670 A.2d 1377, 1379 (Me. 1996) (citing *Sierra Club v. Morton*, 405 U.S. 727, 731 (1972)). "Typically, a party's personal stake in the litigation is evidenced by a particularized injury to the party's property, pecuniary, or personal rights." *Mortg. Elec. Registration Sys. v. Saunders*, 2010 ME 79, ¶ 7, 2 A.3d 289.

### A. Count I: Declaratory Judgment

In Count I, Plaintiffs seek a declaratory judgment regarding the validity of the Power of Attorney, the Trust, the conveyances of the Properties to the Trust, and the conveyance of the Bridge Street Property from the Trust to River Dog. Mr. Dean argues

that Plaintiffs do not have standing to seek a declaratory judgment regarding the validity of Trust or the conduct of the Trustees because they have no interest in the Trust. Mr. Dean also argues that Plaintiffs do not have standing to challenge the conveyances of the Properties because that right belongs exclusively to the personal representative of Linda's estate.

The Court agrees that because Plaintiffs have failed to demonstrate that they have any interest in the Trust other than that stemming from the allegedly invalid conveyance of the Properties to the Trust, they do not have standing to seek a declaratory judgment regarding the validity of the Trust or the conveyance from the Trust to River Dog.

As will be discussed below, Plaintiffs have established standing pursuant to statute to seek review of the Power of Attorney and the agents' conduct under the Power of Attorney, including the conveyances of the Properties to the Trust purportedly made under the Power of Attorney. However, because Plaintiffs have standing *only* pursuant to the Maine Uniform Power of Attorney Act and the remaining claims and relief sought by Plaintiffs in Count I are duplicative of the claims stated and relief available in Count II, the Court dismisses Count I in its entirety.[2]

### B. Count II: Review of Agents' Conduct

Plaintiffs bring Count II pursuant to 18-C M.R.S. § 5-916, which provides:

1. Petition. The following persons may petition the Probate Court or the Superior Court for the county in which either the principal or the agent resides to construe a power of attorney or review the agent's conduct and grant appropriate relief:

. . .

F. A person named as a beneficiary to receive any property, benefit or contractual right on the principal's death or as a beneficiary of a trust created by or for the principal that has a financial interest in the principal's estate; . . .

---

[2] The Declaratory Judgment Act "does not create a new cause of action; its purpose is to provide a more adequate and flexible remedy in cases where jurisdiction already exists." *Hodgdon v. Campbell*, 411 A.2d 667, 669 (Me. 1980).

Mr. Dean argues that Eric and Mark do not have standing under § 5-916(1)(F) because the Probate Court has not yet determined whether they are, in fact, beneficiaries of Linda's estate. This argument rests on a misinterpretation of the statute, which grants standing not solely to actual beneficiaries, but to anyone named as a beneficiary. Eric and Mark are named as beneficiaries in the Will.[3] Although it remains for the Probate Court to decide whether to admit the Will and to interpret the Will, these issues are immaterial to Plaintiffs' standing under § 5-916 at this time.

Accordingly, Plaintiffs have standing to bring Count II of their Complaint. Mr. Dean's motion is denied with respect to Count II.

## IV. Conclusion

For the foregoing reasons, the Court grants Mr. Dean's Motion to Dismiss in part and denies the motion in part.

The entry is:

> Defendant Jeremy Dean's Motion to Dismiss is GRANTED IN PART AND DENIED IN PART. Count I, only, of Plaintiffs' Complaint is DISMISSED.

The Clerk is directed to incorporate this Order into the docket by reference pursuant to Maine Rule of Civil Procedure 79(a).

Dated: _____Dec. 9, 2022_____

_____
Mary Gay Kennedy, Justice
Maine Superior Court

---

[3] This interpretation of § 5-916 is also most consistent with the purposes of the statute. Section 5-916 can be invoked while the principal is still living and, in fact, is intended to allow interested persons to protect the welfare of the principal during his or her lifetime as well as to protect their own interests. The statute must mean "named beneficiaries," not actual beneficiaries, because a principal has no beneficiaries while he or she is still living.